UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIR ANTHONY JOHNSON, | : |
| Petitioner | : CIVIL ACTION NO. 3:18-2032 |
| v. | : (JUDGE MANNION) |
| WARDEN MARK GARMAN, | : |
| Respondent | : |

**MEMORANDUM**

Petitioner, Sir Anthony Johnson, an inmate confined in the Rockview State Correctional Institution, Bellefonte, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges his conviction and sentence imposed in the Court of Common Pleas of Lackawanna County. Id. The petition is ripe for disposition. For the reasons outlined below, the petition will be dismissed.

I.  **Factual and Procedural Background**

The factual and procedural background underlying Johnson's conviction are contained in the Pennsylvania Superior Court's August 7, 2018 Memorandum Opinion, affirming the trial court's dismissal of Johnson's

petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§9541-9546. (Doc. 10-13 at 2). These facts are as follows:

> We summarize the relevant facts and procedural history as follows. On September 9, 2016, Appellant plead guilty to one count of possession with the intent to deliver a controlled substance[1] at docket number CP-35-0000462-2015. On November 1, 2016, the trial court sentenced Appellant to five to ten years of incarceration followed by two years of probation. Additionally, the trial court revoked Appellant's probation at docket numbers CP-35-CR-0001855-2011, CP-35-0002888-2009, and CP-35-CR-0002889-2009, and resentenced him to an additional consecutive term of five years of probation. Appellant did not file a direct appeal.
>
> On May 19, 2017, Appellant filed a *pro se* PCRA petition and on June 9, 2017, the PCRA court appointed counsel to represent Appellant in his PCRA proceedings. On July 24, 2017, PCRA counsel filed a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On November 29, 2017, after confirming that PCRA counsel's petition to withdraw and no-merit letter satisfied the technical mandates of **Turner/Finley** and conducting an independent review of the record, the PCRA court entered an order granting PCRA counsel's petition to withdraw. The same day, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On December 22, 2017, Appellant filed a response to the PCRA court's Rule 907 notice. On January 5, 2018, the PCRA court dismissed Appellant's PCRA petition. This timely appeal followed.
>
> On January 24, 2018, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

---

[1] 35 P.S. §780-113(a)(30).

As of the date the PCRA court transmitted the record to this Court, Appellant had not filed a Rule 1925(b) statement.

On appeal, Appellant presents the following issue for review: "Did PCRA [c]ounsel render ineffective assistance by not raising guilty plea counsel's ineffectiveness for advising [Appellant] to enter an unenforceable plea." Appellant's Brief at 4. However, we are precluded from reviewing this claim because, by failing to file a Rule 1925(b) statement, Appellant has failed to preserve it.

It is well-settled that "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issue not raised in a 1925(b) statement will be deemed waived." **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). In **Commonwealth v. Hill**, 16 A.3d 484 (Pa. 2011), our Supreme Court explained:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant aimed at compliance may satisfy the Rule.

**Id**. at 494 (footnote omitted).

Because the PCRA court ordered Appellant to file a Rule 1925(b) statement and he failed to do so, Appellant has waived all issues on appeal. Accordingly, Appellant is not entitled to relief.[2]

Even if he had preserved the issue he raises in his appellate brief, Appellant would not be entitled to relief. Although his brief is far from clear, as best we can discern, Appellant argues that his plea counsel was ineffective for failing to ensure that he received a boot camp sentence in accordance with his plea agreement. **See Commonwealth v. Hernandez**, 79 A.3d 649, 653 (Pa. Super. 2013) ("right to competent counsel extends to the plea bargain process"). Appellant also asserts that counsel's alleged error caused his plea to be unknowing, involuntary and unintelligent. The record, however, does not support these claims.

The record reflects that Appellant's written plea agreement only indicated that he would be boot camp **eligible**, it did not guarantee him a boot camp sentence. Plea Agreement, 9/9/16, at 2. The trial court, pursuant to the agreement, did indeed make Appellant boot camp eligible. N.T. 11/1/16, at 5. Thus, Appellant received the benefit of his plea agreement and plea counsel was not ineffective.

Finally, our review of both the oral and written guilty plea colloquies confirms that Appellant's guilty plea was knowing, voluntary, and intelligent. The record reveals that the trial court specifically addressed with Appellant the six subjects required by Rule 590 of the Pennsylvania Rules of Criminal Procedure, including that Appellant understood the nature of the charges to which he pled guilty, the factual basis for the plea, that he had the right to trial by jury, that he is presumed innocent until found

---

[2] Appellant's *pro se* status does not relieve him of his duty to comply with Pa.R.A.P. 1925(b). Although counsel can be ineffective *per se* for failing to file a Rule 1925(b) statement, "[i]t is a longstanding principle that a *pro se* litigant cannot be ineffective on his or her own behalf." **Commonwealth v. Boniella**, 158 A.3d 162, 164 (Pa. Super. 2017). Thus, this Court has declined to review issues raised by a *pro se* appellant where the appellant has failed to comply with the mandates of Rule 1925(b). **Id.**

guilty, the permissible range of sentences for the offense charged, and that the trial court was not bound by the terms of the plea agreement. N.T., 9/9/16, at 2-7; Written Plea Colloquy, 9/9/16, **see also** Pa.R.Crim.P. 590.

(Doc. 10-13 at 2-6, Pennsylvania Superior Court Memorandum Opinion). On August 7, 2018, the Pennsylvania Superior Court affirmed the PCRA court's order dismissing Johnson's PCRA petition, finding that Johnson's issues were waived due to Johnson's failure to file a timely 1925(b) Statement of Matters Complained of on Appeal. Id.

On October 18, 2018, Petitioner filed the instant petition for writ of habeas corpus, in which he raises the following sole issue for review:

> Did the lower court err as a matter of constitutional law by affirming the PCRA court's denial of relief citing Petitioner's noncompliance with Pa.R.A.P. 1925(b).

(Doc. 1, petition).

## II.  Legal Standards of Review

A habeas corpus petition pursuant to 28 U.S.C. §2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). 28 U.S.C. §2254, provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment

> of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States
>
> ....
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254. Section 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner. Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Glenn v. Wynder, 743 F.3d 402, 406 (3d Cir. 2014). A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). This limitation places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings resulted in "a fundamental defect which inherently

results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Reed v. Farley, 512 U.S. 339, 348 (1994) (citations omitted).

Johnson's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").

### III. Discussion

The Court must first determine whether Petitioner's grounds for relief presented in his §2254 petition have been exhausted in the state courts and, if not, whether circumstances exist to excuse Petitioner's procedural default of his claims. Respondents maintain that Petitioner's sole ground for review is procedurally defaulted. The Court agrees.

Absent unusual circumstances, a federal court should not entertain a petition for writ of habeas corpus unless the petitioner has satisfied the exhaustion requirement articulated in 28 U.S.C. §2254(b). Under §2254(c), a petitioner will not be deemed to have exhausted his available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). A petitioner may exhaust a federal claim either by raising it

on direct appeal or presenting it in post-conviction PCRA proceedings. See id. at 845. In addition, a claim is exhausted when it has been "fairly presented" to the state court. See Picard v. Connor, 404 U.S. 270, 275 (1971). To that end, the federal habeas claim "must be the substantial equivalent of that presented to the state courts." See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). The petition must do so "in a manner that puts [the respondents] on notice that a federal claim is being asserted." See Bronshtein v. Horn, 404 F.3d 700, 725 (3d Cir. 2005). "The Supreme Court has instructed that a claim is not 'fairly presented' if the state court 'must read beyond a petition or brief ... in order to find material' that indicates the presence of a federal claim." Collins v. Sec'y of Pa. Dep't of Corr., 742 F.3d 528, 542 (3d Cir. 2014) (quoting Baldwin v. Reese, 541 U.S. 27, 32 (2004)). Moreover, a habeas corpus petitioner has the burden of proving the exhaustion of all available state remedies. See 28 U.S.C. §2254. Overall, the exhaustion requirement advances the goals of comity and federalism while reducing "piecemeal litigation." See Duncan v. Walker, 533 U.S. 167, 180 (2001).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is

satisfied because there is an absence of available State corrective process." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). Claims deemed exhausted because of a state procedural bar are considered to be procedurally defaulted. See, e.g., Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000). The district court then analyzes the claims under the procedural default doctrine. See id. The purpose of this rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court. See Coleman v. Thompson, 501 U.S. 722, 732 (1991). In Cone v. Bell, 556 U.S. 449 (2009), the United States Supreme Court explained:

> It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state law ground that is independent of the federal question and adequate to support the judgment. In the context of federal habeas proceedings, the independent and adequate state ground doctrine is designed to ensure that the State's interest in correcting their own mistakes is respected in all federal habeas cases. When a petitioner fails to properly raise his federal claims in state court, he deprives the State of an opportunity to address those claims in the first instance and frustrates the State's ability to honor his constitutional rights. Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.

Id. at 465 (internal quotations and citations omitted).

However, habeas corpus review is not barred in every instance in which a state court invokes a procedural rule to preclude its review of the federal claims asserted by a state prisoner. A state procedural rule can preclude federal habeas corpus review "only when the state rule is 'independent of the federal question [presented] and adequate to support the judgment.' " See Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007) (citing Nara v. Frank, 488 F.3d 187, 199 (3d Cir. 2007)). The requirements of independence and adequacy are distinct. See id. A rule is "independent" if it is not dependent on any federal constitutional question, but "[a] state procedural ground will not bar federal habeas relief if the state law ground is 'so interwoven with federal law' that it cannot be said to be independent of the merits of a petitioner's federal claims." See Johnson v. Pinchak, 392 F.3d 551, 557 (3d Cir. 2004). A rule is "adequate" if it was "firmly established, readily ascertainable, and regularly followed at the time of the purported default." See Levya, 504 F.3d at 366 (quoting Szuchon v. Lehman, 273 F.3d 299, 372 (3d Cir. 2001)).

A petitioner whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if the petitioner can demonstrate either: (1) "cause" for the default and "actual prejudice" as a result of the alleged

violation of federal law; or (2) that the failure to consider the claims will result in a "fundamental miscarriage of justice." See Coleman, 501 U.S. at 750. In order to show "cause and prejudice" sufficient to overcome a state court default, a petitioner must demonstrate the "cause" for his default and "prejudice" attributable thereto. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) (citing Harris v. Reed, 489 U.S. 255 (1989)). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Under the "prejudice prong," a petitioner has the burden of showing "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." See United States v. Frady, 456 U.S. 152, 170 (1982); see also Holland v. Horn, 519 F.3d 107, 112 (3d Cir. 2008).

To show a "fundamental miscarriage of justice," a petitioner must establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." See Schlup v. Delo, 513 U.S. 298, 326 (1995). Demonstrating actual innocence requires a stronger showing than that needed to establish prejudice. See id. In Goldblum v.

Klem, 510 F.3d 204 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit explained the applicable two-step inquiry as follows. First, a "court must decide 'whether the petitioner has presented new reliable evidence ... not presented at trial,' " and second, if a petitioner "puts forth new evidence not considered by the jury, a court asks 'whether it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.' " See id. at 225 (citing Hummard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004)). If a petitioner can meet this standard by establishing "cause and prejudice" or a "fundamental miscarriage of justice," his default will be excused, and the Court may review the merits of the claim presented. See id.

As his only ground for relief, Petitioner claims the Pennsylvania Superior Court erred as a matter of constitutional law by affirming the PCRA Court's denial of relief for Petitioner's failure to comply with Pa.R.A.P. 1925(b). (Doc. 1). The Superior Court, however, did not commit a constitutional violation when it affirmed the PCRA court's dismissal of Petitioner's PCRA petition, rather, it followed Pennsylvania law, in determining that Petitioner's claims were waived for failing to file a Statement of Matters Complained of on Appeal pursuant to Pa. R. A. P. 1925(b). As such, Respondent asserts that Petitioner has procedurally defaulted any

ground for relief in the instant petition for writ of habeas corpus. The Court agrees with Respondent that any ground raised in the instant petition is procedurally defaulted because the Superior Court relied upon an independent and adequate state ground to conclude that this issue was waived on appeal.

A state procedural rule is "independent" if it is separate from the federal issue. Here, it is beyond dispute that the Superior Court's determination that Petitioner had waived his claims was pursuant to state law, and was separate from the federal issues before it. See Cabrera v. Barbo, 175 F.3d 307, 313 (3d Cir.1999) ("[T]he basis for the state court's rejection of the ineffective assistance of counsel claims was state court procedural default ... Clearly, this disposition was an independent state ground."). Moreover, a state procedural rule is adequate if it was "firmly established and regularly followed" at the time of the alleged procedural default. Ford v. Georgia, 498 U.S. 411, 424 (1991). To be considered firmly established and regularly followed, "(1) the state procedural rule [must] speak[ ] in unmistakable terms; (2) all state appellate courts [must have] refused to review the petitioner's claims on the merits; and (3) the state courts' refusal in this instance [must be] consistent with other decisions." Nara v. Frank, 488 F.3d 187, 199 (3d Cir. 2007). This test is met here.

The requirement that Petitioner must meaningfully develop his arguments on appeal and cite to appropriate authorities has been stated in unmistakable terms by the Pennsylvania Supreme Court, see Commonwealth v. Clayton, 572 Pa. 395, 816 A.2d 217, 221 (2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal"), and is embodied in the state's rules of appellate procedure, see Pa. R.A.P. 2119(a). Moreover, the Superior Court refused to consider Petitioner's claims on the merits and its refusal is consistent with other decisions. See Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998); Commonwealth v. Hill, 16 A.3d 484 (Pa. 2011). We conclude that the Superior Court's decision was based upon an independent and adequate state law ground. See Nara, 488 F.3d at 199.

Moreover, " 'federal habeas corpus relief does not lie for errors of state law.' " Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). This remains true even if the state procedural ruling is incorrect. Estelle, 502 U.S. at 71–72; see also Kontakis v. Beyer, 19 F.3d 110, 117 n. 12 (3d Cir.1994) (reminding that "a state court's misapplication of its own law does not generally raise a constitutional claim.") (citation omitted). Thus, even if the Superior Court incorrectly deemed waived all of Petitioner's ineffective assistance claims, habeas relief would

not be warranted, as it is "well established that a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Taylor v. Horn, 504 F.3d 416, 448 (3d Cir. 2007); see also id. (quoting Estelle v. McGuire, 502 U.S. 62, 67–68 (1991)) ("Even assuming the state court failed to follow the law of Pennsylvania, in this federal habeas case, we are limited to deciding whether [the petitioner's] conviction and sentence 'violated the Constitution, laws, or treaties of the United States.' ").

Notwithstanding that an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, a petitioner can avoid the bar by showing "cause for the default and prejudice attributable thereto," or by "demonstrat[ing] that the failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262 (1989). Petitioner, however, advances no compelling argument to establish that cause for the default exists or that a fundamental miscarriage of justice will occur if this Court does not consider his claim. See Coleman, 501 U.S. at 750. Accordingly, Petitioner's habeas claims are procedurally defaulted and are therefore precluded from review.

IV. **Certificate of Appealability**

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. §2253(c) because jurists of reason would not find it debatable that dismissal of the petition is correct.

The denial of a certificate of appealability does not prevent Johnson from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the Third Circuit Court of Appeals. See Fed. R. App. P. 22(b)(1).

## V. <u>Conclusion</u>

For the reasons set forth above, the petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 will be dismissed.

An appropriate order follows.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 16, 2020**
18-2032-01